## THE BARGE NO. 12.

### THE SECURITY.

(District Court, S. D. Florida.   May 13, 1918.)

1. COLLISION ⬦95(3)—INJURIES—LIABILITY.

A tug and her tow *held* responsible, where a launch in the darkness collided in New river with the tow, which was not lighted; it appearing that the launch was correctly navigated, and that it was too dark to see the tow into which the launch ran.

2. COLLISION ⬦138—PERSONAL INJURIES—MEASURE OF DAMAGE.

In proceeding to limit the liability of the owner of a tug and barge for collision with a launch, claimant, passenger on launch, who suffered contusion of thigh and dislocation of four ribs, *held* entitled to $1,500 damages, to be paid from fund representing value of vessels at fault.

In Admiralty. In the matter of the libel and petition of the Furst-Clark Construction Company, owner of a barge or lighter known as Barge No. 12, and former owner of the tugboat Security, to limit its liability for a collision, in which Mrs. Leone Field filed a claim. Damage to claimant assessed, and liability of petitioner limited to the value of the tug and barge.

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Shutts, Smith & Bowen, of Miami, Fla., for libelant.

E. M. Semple, of Miami, Fla., for claimants.

CALL, District Judge. The Furst-Clark Construction Company, owner of the tugboat Security and barge No. 12, filed its libel to limit its liability to the value of the tug and barge for the injury to Mrs. Leone Field, sustained in a collision between the launch in which Mrs. Field was riding and barge No. 12, in tow of the Security on New river, January 24, 1912. Such proceedings were had that appraisers were appointed, and the value of the tug and barge reported to the court, and deposit made pursuant to law. A commissioner was subsequently appointed to receive claims against the boat and barge. Only one claim was filed, that of Mrs. Field, for damages for injuries received in the collision.

The testimony taken before the commissioner shows that the tug had in tow barge No. 12 on the night in question, and met the launch in which claimant was riding about Horseshoe Bend in New river; that it was a dark night, and the launch, an 18-foot boat, had the regulation lights burning. The lights carried by the tug were those prescribed for a boat without a tow. The tow had no lights. It is true the captain and engineer both testify that the tug had a tow light burning at the time of the collision; but I think the weight of the testimony negatives this claim, and the captain of the tug is the only one who testifies to any light on the tow. All the witnesses testifying to how the collision occurred testify positively that there were no lights on the tow, except the captain and the engineer of the tug, and of these last two the engineer testifies that to the best of his remembrance there were no lights on the tow.

[1] Now, the collision occurred near the opening of the canal across Horseshoe Bend. I gather from the testimony that the launch, coming out of the canal into New river, saw the lights of the tugboat and passed her properly, leaving her to port, but having no warning by lights, and the night being too dark to see that she had a barge in tow, attempted to take a course more in the middle of the river, when the barge struck her and the injury was inflicted. Under these circumstances the tug and tow is responsible for such injuries.

[2] It therefore remains to ascertain what sum would compensate for the injury received. Mrs. Field is to be compensated for the physical and mental pain endured by reason of the injuries received. These injuries were a contusion of the thigh and dislocation of four ribs from the breast bone. This last injury, according to the testimony, continues, and from the medical testimony will continue; the result being a misplacement of the ends of the ribs at the breast bone. This condition may or may not result in pain. Without going further into the testimony as to the injury, I am of the opinion that she should recover the sum of $1,500.

A decree awarding her this amount will be entered, and limiting the liability of the Furst-Clark Construction Company to the value of the tug and barge as reported by the appraisers. The costs of this proceeding to be paid first from the fund.

I see no reason for passing on the objections to certain testimony filed by the claimant. Such testimony as was hearsay and immaterial I have not considered in arriving at my judgment.